IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**SARA SUMRALL, Individually and on behalf of All Others Similarly Situated**  **PLAINTIFF**

vs.   No. 5:19-cv-642

**SNOOZE HOLDINGS, INC.**   **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Sara Sumrall, individually and on behalf of all others similarly situated, by and through her attorneys Merideth Q. McEntire and Josh Sanford of Sanford Law Firm, PLLC, and for her Original Complaint—Collective Action against Defendant Snooze Holdings, Inc. ("Defendant"), and in support thereof does hereby state sand alleges as follows:

### I.   PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Sara Sumrall ("Plaintiff") on behalf of herself and other hourly-paid barista, bartender, and server employees of Defendant at any time within a three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees as a result of Defendant's failure to pay Plaintiff and other hourly employees overtime compensation for all hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA as described, *infra*.

## II.   JURISDICTION AND VENUE

4. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. The acts complained of herein were committed and had their principal effect against the named Plaintiffs herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.   THE PARTIES

6. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

7. Plaintiff was employed by Defendant within the three (3) years preceding the filing of this Original Complaint

8. Plaintiff Sara Sumrall ("Plaintiff") is a resident and citizen of Bexar County.

9. Plaintiff was employed by Defendant as a barista, bartender and server from November of 2018 until May of 2019.

10. Plaintiff worked for Defendant at multiple store locations in San Antonio.

11. At all times material herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the Fair Labor Standards Act 29 U.S.C. § 201, *et seq*.

12. Defendant is a foreign for-profit corporation, licensed to do business in the State of Texas.

13. Defendant operates several restaurants known as "Snooze An A.M. Eatery" in San Antonio, with additional locations across Texas and in multiple states including Colorado, California and Arizona.

14. Defendant operates a website at the following address: https://snoozeeatery.com.

15. Defendant's principal office address is 3001 Brighton Boulevard, Suite 303, Denver, Colorado 80216.

16. Defendant's registered agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, Inc., 211 East 7th Street, Suite 620, Austin, Texas 78701-3218.

17. Defendant is an "employer" within the meaning set forth in the FLSA, and, at all times relevant to the allegations in this Complaint, the employer of Plaintiff and other similarly situated hourly employees.

18. During each of the three years preceding the filing of this Complaint, Defendant employed at least two individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce by any person, such as tools and equipment.

19. Defendant had an annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

20. Defendant's workers routinely use liquor, food, dishes, coffee makers, and other kitchen tools in performing their job duties. Thus, its employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## IV. FACTUAL ALLEGATIONS

21. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

22. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as an hourly-paid barista, bartender and server.

23. As a barista and bartender, Plaintiff's primary duties included taking orders from customers, making drinks, serving customers food and drinks, and cleaning the store.

24. Plaintiff was an hourly employee for the entire duration of her employment with Defendant and was paid an hourly rate.

25. During her shifts, Plaintiff often worked in excess of forty (40) hours per week throughout her tenure with Defendant. Other hourly employees worked similar hours.

26. Plaintiff and other hourly employees received an hourly rate for all hours worked for Defendants, up to forty (40) hours per week.

27. Plaintiff was required to work more than forty (40) hours a week; however, Defendant would not compensate Plaintiff for all of her time worked over forty (40) hours a week and required that some overtime work be done off the clock.

28.    On a regular day working as a barista and bartender, Plaintiff would arrive at work around 5:30-5:45 a.m. and begin setting up the bar, preparing garnishes, and cleaning.  She would clock in at 6 a.m.

29.    Defendant expected Plaintiff to finish her shift at a certain time every day so that is when she was required to clock out.  Most of the time Plaintiff still had clean-up work to complete and would spend time after her shift finishing this work.  This was the same for all hourly baristas and bartenders.

30.    As a server, Plaintiff arrived for her shift and began preparations, but was not allowed to clock in until her first table of customers was seated.

31.    As a direct result of Defendants' policies, even though Plaintiff and other hourly-paid employees worked more than forty (40) hours in many weeks that they worked for Defendants during time period relevant to this Complaint, they were not compensated for all of their overtime hours worked.

32.    Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and the other hourly employees violated the FLSA.

## V.    REPRESENTATIVE ACTION ALLEGATIONS

33.    Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

34.    Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as hourly employees who were or are employed by Defendant and who are entitled to payment for all overtime wages earned which Defendant failed to pay from

three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

35. Plaintiff is unable to state the exact number of the class but believe that the class membership exceeds thirty (30) persons. Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

36. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly;

C. They recorded their time in the same manner;

D. They were required to work off the clock before and/or after shifts;

E. They worked as baristas, bartenders, and/or servers;

F. They were subject to Defendant's common policy of failing to pay an overtime rate for all hours worked over forty (40) per work week.

37. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

38. The cell phone numbers and email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to

the probable FLSA collective action plaintiffs via text message and/or email to their last known cell phone number and/or email address as soon as possible.

## VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violations of FLSA)

39.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

40.   29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207.

41.   Defendant failed to pay Plaintiff at a rate of one and one-half times her regular rate for all hours worked over forty (40) hours per week.

42.   Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary, and in bad faith.

43.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, and costs, including reasonable attorney's fees as provided by the FLSA.

44.   Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

45.   Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

46. Plaintiff asserts this claim on behalf of all hourly-paid employees of Defendant with the jobs of barista, bartender, and server to recover monetary damages owed by Defendant to Plaintiff and members of the putative class for unpaid overtime compensation for all the hours they worked in excess of forty (40) per week.

47. Plaintiff brings this collective action on behalf of all hourly-paid baristas, bartenders, and servers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative Class for all the overtime compensation for all the hours they and they worked in excess of forty (40) each week and did not get paid.

48. Plaintiff bring this action on behalf of herself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

49. Like Plaintiff, these hourly-paid barista, bartender, and server employees regularly worked more than 40 hours in a week.

50. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207.

51. Defendant failed to pay Plaintiff and those similarly situated overtime for each and every hour over 40 hours these hourly-paid employees worked in a week, but chose to deliberately pay them for only some of those hours.

52. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in class is properly defined as follows:

**All hourly-paid baristas, bartenders, and/or servers within the past three years.**

## VIII.   PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.   That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

B.   A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

C.   Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

D.   Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

E.   Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

F.   An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

G.   Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**SARA SUMRALL, Individually
and on behalf of Others Similarly
Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

*/s/ Merideth Q. McEntire*
Merideth Q. McEntire
Tex. Bar No. 24105123
merideth@sanfordlawfirm.com

*/s/ Josh Sanford*
Josh Sanford
Tex. Bar No. 24077858
josh@sanfordlawfirm.com